ANNA WACHTEL et al., Plaintiffs, *v.* EDITH SCHELBERG, Individually and as Administratrix C. T. A. of the Estate of MARY M. SCHELBERG, Deceased, Defendant.

City Court of the City of New York, Special Term, New York County, January 9, 1946.

*Heermance, Glassberg & Henry* for plaintiffs.

*Sidney A. Fine* for defendant.

BYRNES, Ch. J. Plaintiffs, tenants of the defendant, move for summary judgment under rule 113 of the Rules of Civil Practice.

Over a period of nine months these plaintiffs had paid rent to the defendant in amounts which turned out to be in excess of the maximum legal rent allowed by the Office of Price Administration. I say this turned out to be so because the proper rent was determined retroactively by that office after the expiration of the said nine months and when it was thus determined the office issued an order to the defendant directing a refund to plaintiffs of all sums collected by defendant in excess of the proper rents. That order read in part as follows: " Upon your

failure to make such refund within thirty days from the date hereof, the excess payment received will be considered an over-charge within the meaning of Section 205 (e) of the Emergency Price Control Act of 1942, as amended, subjecting you to a damage action in accordance with that section.''

Defendant did not make any refund, and the present action was accordingly brought against her for treble damages under the said subdivision (e) of section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [e]).

There are other facts in the case which I have not stated because I deem them to be immaterial. It is clear to me that an order of the Office of Price Administration, which followed the first order above referred to, and which allowed an increase in the future rents of the apartment occupied by these plaintiffs, had no application at all to the rents for the months involved in this suit, and that defendant's contention that it was applicable to these as well as to future rents is not tenable. Nor do I feel that defendant's attempts to get a second rehearing or a third hearing of the matter by the Office of Price Administration have any bearing upon this case.

However, I believe that this is not a case in which the plaintiff may move for summary judgment. I consider it an action to recover a '' penalty '' under subdivision 3 of rule 113 of the Rules of Civil Practice. '' Penalty '' means different things in different associations. In rule 113 I think it means '' punitive damages '' as well as '' penalty '' in the strict technical sense. Treble damages under subdivision (e) of section 205 of the Emergency Price Control Act of 1942 are certainly punitive; they do not represent the actual loss suffered by the tenant. None of the eight classes of cases specified in rule 113 of the Rules of Civil Practice in which a plaintiff may move for summary judgment includes types of action in which punitive damages are allowed. Even an action for damages actually suffered for conversion of personal property has been held not to be within the rule, notwithstanding the fact that subdivision 5 may be literally read to embrace such a suit. (*Formel* v. *National City Bank of New York,* 152 Misc. 275.) It is observed that no actions in tort, for trespass to real property, or for damage to personal property, or for injury to the person, are embraced within rule 113 of the Rules of Civil Practice, except that subdivision 5 applies to actions in replevin. I conclude therefore that the rule itself affords convincing internal evi-

dence of the framers' intention that it be not applied to causes of action embracing claims for punitive damages.

In any event there may well be a question of fact to be determined at the trial as to whether defendant's violation of the Emergency Price Control Act was " wilfull " within the meaning of that word in subdivision (e) of section 205. In that connection defendant's possibly honest misinterpretation of the second order of the Office of Price Administration, which allowed an increase of rents for the future only, may have a bearing, though I do not so determine.

Accordingly, plaintiffs' motion for summary judgment is denied.

Order signed.